Filed 4/26/22  P. v. Castrillo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ELIAS CASTRILLO,<br><br>Defendant and Appellant. | F083077<br><br>(Merced Super. Ct. No. 15CR-00224A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen, Judge.  (Retired Judge of the Merced Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Joseph Elias Castrillo (appellant) was convicted of first degree murder with a firearm enhancement and sentenced to an aggregate term of 50 years to life. On appeal, this court affirmed his conviction and the enhancement, but remanded the matter for the court to consider whether to strike the Penal Code[1] section 12022.53, subdivision (d) firearm enhancement, based on statutory amendments that occurred after his sentencing hearing. On remand, the court declined to dismiss the firearm enhancement.

In this appeal, appellant argues the matter must again be remanded because the court did not realize the full extent of its discretion as to the section 12022.53, subdivision (d) firearm enhancement. We agree and will again remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On the night of January 4 through 5, 2015, appellant and Dante Woods called a taxi company to request a ride. Dean Barker, a taxi driver for the company, responded to the call. Woods and appellant did not have enough money to cover the fare. Upon reaching the destination, appellant killed Barker by firing three shots into the back of his head.

### Charges, Conviction, and Sentence

Appellant was charged and tried for murder, with the special allegation that he personally and intentionally discharged a firearm which proximately caused death (§ 12022.53, subds. (d), (e)(1)).

On August 31, 2017, a jury found appellant guilty of first degree murder (§ 187) and the section 12022.53, subdivision (d) firearm enhancement true.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

On November 1, 2017, the trial court sentenced appellant to prison to 25 years to life for the first degree murder conviction (§ 190, subd. (a)), plus a consecutive term of 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)).

At the time of the sentencing hearing, "section 12022.53 prohibited courts from striking its enhancements…. Thus, if a section 12022.53 enhancement was alleged and found true, its imposition was mandatory." (*People v. Tirado* (2022) 12 Cal.5th 688, 696 (*Tirado*).)

**Appellant's First Appeal**

On November 14, 2019, this court filed the nonpublished opinion that affirmed appellant's conviction and the firearm enhancement. (*People v. Castrillo* (Nov. 14, 2019, F076693).)

We remanded the matter for the court to hold a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261. We also directed the court to determine whether to exercise its discretion to strike the section 12022.53, subdivision (d) firearm enhancement, based on amendments enacted by Senate Bill No. 620 (2017–2018 Reg. Sess. (Senate Bill 620)). "Section 12022.53[, subdivision] (h) now provides that a 'court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed' " by section 12022.53. (*Tirado, supra*, 12 Cal.5th at p. 696.)

**Proceedings on Remand**

On remand, appellant filed a sentencing brief with the trial court that addressed the *Franklin* issues.

On May 28, 2021, the court held the hearing on remand. Appellant's attorney filed a letter from appellant's mother to be considered with his brief for his future youthful offender parole hearing.

The court then addressed the section 12022.53, subdivision (d) firearm enhancement. The court acknowledged the statute had been amended so that it now had discretion to either dismiss or impose the enhancement for 25 years to life.

The prosecutor argued the court should not dismiss the enhancement because appellant committed "a cold blooded execution of a completely innocent, unsuspecting victim." The court agreed with the prosecutor that the crime was senseless, appellant shot the victim in the back of the head, and it was "outraged" by the facts.

Appellant's counsel argued appellant was 18 years old at the time of the offenses and asked the court to consider imposing an enhancement of 10 years based on section 12022.53, subdivision (b), for the personal use of a firearm in the commission of a violent felony.[2] The prosecutor replied that the court did not have discretion to impose the firearm enhancement under a different subdivision that was not found true by the jury.

The court stated it only had discretion to either impose the subdivision (d) enhancement or strike it, and it did not have discretion to reduce it to a lesser enhancement term. The court stated that at the original sentencing hearing, it believed it did not have any discretion. The court continued:

> "But now we come where the law's changed and I am granted discretion. And I think I am required to consider not only his youthfulness, but also whether he's demonstrated any change, which he indicates he has. [¶] And the other factor is that [the] 25 [years] to life firearm enhancement is double punishment for the same conduct. That's the other issue is that the murder was an execution by a firearm. He gets 25 to life for that. Now it's the same conduct, which imposes a second 25 to life. There was good reason for these firearms enhancements. I don't think they deterred the number of gun sales. They haven't deterred the number of shootings. [¶] You know, I thought about this a lot."

---

[2] Section 12022.53, subdivision (b) mandates imposition of a 10-year enhancement for the personal use of a firearm in the commission of certain felonies. (*Tirado, supra*, 12 Cal.5th at p. 695.)

The court decided not to exercise its discretion to strike the firearm enhancement of 25 years to life but added "that I think it is double punishment for the same conduct." Defense counsel agreed it was double punishment and urged the court to strike the enhancement because appellant was 18 years old when he committed the offense, and the court should consider his age and lack of maturity.

The court stated it considered all relevant factors and there was "no question it's double punishment. But it's still the law that you murder someone with a firearm, you're going to face double punishment." Defense counsel argued the same double punishment did not apply if the murder was committed with a knife.

The court again denied appellant's motion to strike the firearm enhancement:

> "You know, this is a very difficult case. It wasn't difficult at the time of the original sentencing. It's very difficult now. [¶] But, you know, after considering everything, I'm going to maintain – I decline to exercise discretion to strike the firearm[] enhancement. But I will add a comment that I think this was a youthful, impulsive offense, and that in my observation [appellant] has appeared to mature and exercise a change. And I'm going to ask that a copy of this transcript along with those comments be placed [as] part of his record for his future parole hearing."

On July 19, 2021, appellant filed a notice of appeal from the court's ruling.

## DISCUSSION

In his opening brief on appeal, appellant argued the matter should again be remanded for another sentencing hearing because the court did not realize that it was not limited to an "all-or-nothing" choice to either strike or impose the enhancement of 25 years to life under section 12022.53, subdivision (d), but that the section 1385 discretionary power to strike included "the power to strike any element(s) of the enhancement for the purpose of imposing a just sentence." As a result, the trial court had discretion under section 1385 to impose a "lesser-included" firearm enhancement, as held in *People v. Morrison* (2019) 34 Cal.App.5th 217. Appellant acknowledged this court reached the contrary conclusion in *People v. Tirado* (2019) 38 Cal.App.5th 637, that the

5.

trial court could not reduce the jury's finding to a "lesser-included" firearm enhancement, and the question was pending review before the California Supreme Court.

The People agreed with this court's decision in *People v. Tirado, supra*, 38 Cal.App.5th 637, that the trial court did not have discretion to reduce a firearm enhancement found true by the jury to a "lesser" enhancement, and remand was not required.

**Tirado**

Thereafter, appellant advised this court of the California Supreme Court's decision in *Tirado, supra,* 12 Cal.5th 688, that settled the issue disputed by the parties in their original briefing. The People have not responded to appellant's letter brief or addressed *Tirado*.

In *People v. Morrison, supra,* 34 Cal.App.5th 217, Division Five of the First Appellate District held trial courts have "discretion to impose an enhancement under section 12022.53, subdivision (b) or (c) as a middle ground to a lifetime enhancement under section 12022.53, subdivision (d), if such an outcome [is] found to be in the interests of justice under section 1385." (*Id.* at p. 223.)

In *Tirado, supra*, 12 Cal.5th 688, the California Supreme Court granted review of this court's opinion that disagreed with *Morrison* and held *Morrison* "correctly described the scope of a trial court's sentencing discretion under section 12022.53." (*Tirado,* at p. 697.) *Tirado* explained that the "statutory framework" of section 12022.53, as amended by Senate Bill No. 620, "permits a court to strike the section 12022.53[, subdivision] (d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado,* at p. 692.) "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision] (d) enhancement, and the court determines that the section 12022.53[, subdivision] (d) enhancement should be struck or dismissed under section 12022.53, [subdivision] (h), the court may, under section

6.

12022.53[, subdivision] (j), impose an enhancement under section 12022.53(b) or (c)." (*Tirado,* at p. 700.) "[T]he Legislature has permitted courts to impose the penalties under section 12022.53(b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true." (*Id*. at p. 702.)

While *Tirado* has resolved the question about the trial court's authority under section 1385 as to the section 12022.53, subdivision (d) firearm enhancement, we must still determine whether this matter should be again remanded for the court to reconsider its sentencing decision.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

"Relief from a trial court's misunderstanding of its sentencing discretion is available on direct appeal when such misapprehension is affirmatively demonstrated by the record." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1026.) The record in this case affirmatively demonstrates such misapprehension. At the sentencing hearing on remand, appellant expressly asked the court to impose the 10-year enhancement under section 12022.53, subdivision (b), instead of having to decide whether to impose or strike subdivision (d)'s enhancement of 25 years to life. The court rejected appellant's argument and agreed with the prosecutor that it lacked such discretion. Moreover, the court's statements at the hearing reflect that it might have considered imposing the

7.

subdivision (b) enhancement, but felt it was limited to decide whether to impose or strike the subdivision (d) enhancement of 25 years to life.

As a result of the court's statements, we cannot conclude that remand would be futile. We are thus compelled to remand the matter again for the court to decide whether to exercise its discretion pursuant to section 1385 as to the section 12022.53, subdivision (d) enhancement of 25 years to life, as set forth in *Tirado*. In doing so, we express no opinion as to the outcome of any further proceedings.

## **DISPOSITION**

The matter is remanded for further appropriate proceedings pursuant to *People v. Tirado, supra*, 12 Cal.5th 688.